UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00244-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ASHLEY OWENS | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Emergency Motion for Compassionate Release to Home Confinement in Light of the COVID-19 Pandemic (Record Document 102) filed by Defendant Ashley Owens ("Owens"). Due to the COVID-19 pandemic, Owens requests to serve the remainder of her sentence in home confinement because of health concerns of her own and health concerns relating to her elderly mother and her five children. See id. The Government has responded in opposition to Owens' motion. See Record Document 104.

On May 24, 2017, Owens pled guilty to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. See Record Documents 62 & 63. On December 18, 2017, Owens was sentenced to 78 months of imprisonment. See Record Documents 72 & 74. Owens is currently incarcerated at FCI Aliceville in Alabama.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

    (2)    "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

    (3)    where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Owens moves to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all

administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.

Here, Owens has not made a showing that she has exhausted her administrative remedies within the BOP. In her motion, Owens acknowledges the exhaustion requirement, but states that she is not in BOP custody and has no administrative remedies available. See Record Document 102 at 2, 3. In its response, the Government explained that at the time the instant motion was filed, i.e., June 12, 2020, Owens was in BOP custody at the Robert A. Deyton Detention Facility, a private facility. See Record Document 104 at 2. On June 18, 2020, Owens was transferred to FCI-Aliceville. See id. The BOP has further advised the Government that there is no record of Owens making an administrative request. See id. at 3.

While the Court is well aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Owens' failure to exhaust her administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Owens requests. See, generally, Ross v. Blake, --- U.S. ---, 136 S.Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes . . . establish mandatory

exhaustion regimes, foreclosing judicial discretion."); but see Valentine v. Collier, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Judge Higginson, concurring).[1]

The Court shares Owens' concerns about the effect of the COVID-19 outbreak in BOP facilities. However, those concerns are not being ignored by the BOP or this Court. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially

---

[1] In his concurring opinion, Judge Higginson stated:

> Second, our reasoning on PLRA's exhaustion requirement does not foreclose federal prisoners from seeking relief under the First Step Act's provisions for compassionate release. See 18 U.S.C. § 3582(c)(1)(A)(i). Though that statute contains its own administrative exhaustion requirement, several courts have concluded that this requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic. See, e.g., United States v. Russo, No. 16-cr-441 (LJL), 2020 WL 1862294, at *4–5 (S.D.N.Y. Apr. 14, 2020) (holding that, "[d]espite the mandatory nature of [the statute's] exhaustion requirement," the exhaustion bar is "not jurisdictional" and can therefore be waived); United States v. Smith, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2–3 (S.D.N.Y. Apr. 13, 2020) (citing cases); see also Vigna, 2020 WL 1900495, at *5–6 (identifying the difficulties of the First Step Act exhaustion question while ultimately deferring a ruling until the petitioner exhausted his remedies); but see United States v. Raia, 954 F.3d 594, —— (3d Cir. 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020).

Valentine, 2020 WL 1934431, at *8. This concurrence does not persuade this Court to change its analysis that exhaustion is mandatory and cannot be waived.

affecting operations." See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/ 1266661/download (last visited 4/20/2020).  The BOP is actively executing the mandate to immediately review all inmates who have COVID-19 risk factors.  This Court believes the BOP is uniquely situated to perform such reviews in the first instance to determine if some type of release, removal, or furlough is appropriate.  The better judgment in this instance is to allow the BOP's established process a chance to work.  Thus, Owens' motion for compassionate release is **DENIED**.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Owen's Emergency Motion for Compassionate Release to Home Confinement in Light of the COVID-19 Pandemic (Record Document 102) be and is hereby **DENIED WITHOUT PREJUDICE** at this time, subject to re-urging if Owens exhausts her administrative remedies within the BOP as set forth in Section 3852(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of July, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT