# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-00244-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ASHLEY OWENS | |

## MEMORANDUM ORDER

Before the Court is Petitioner Ashley Owen's ("Owen") *pro se* "Reply to Response of Government to Defendant Emergency Motion for Compassionate Release." See Record Document 107. Previously, this Court had denied without prejudice Owen's Emergency Motion for Compassionate Release to Home Confinement because she had not exhausted her administrative remedies within the Bureau of Prisons ("BOP"). See Record Document 106. In the instant reply, Owens sets forth evidence of exhaustion and once again urges the Court to grant her home confinement. See Record Document 107. She does not seek compassionate release under Section 3582. See id.

On May 24, 2017, Owens pled guilty to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. See Record Documents 62 & 63. On December 18, 2017, Owens was sentenced to 78 months of imprisonment. See Record Documents 72 & 74. Owens is currently incarcerated at a Residential Reentry Management facility in Dallas, Texas. Her projected release date is September 9, 2023.

Title 18, United States Code, Section 3624(c)(2) provides that the BOP's authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will

materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP. See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/_1266661/download (last visited 6/2/2021). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence. See id. "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id. The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment." Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement. However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and

this Court still lacks the power to order home confinement under the CARES Act. See generally U.S. v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); U.S. v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); U.S. v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); U.S. v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); U.S. v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); U.S. v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020). Owens' request for early release to home confinement is **DENIED**.

Accordingly,

**IT IS ORDERED** that Owen's *pro se* "Reply to Response of Government to Defendant Emergency Motion for Compassionate Release" (Record Document 107) seeking home confinement be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of June, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT